# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| SCOTT HENDRICKS, *individually, and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ETHAN HOSPITALITY, LLC; RED ROCK HOSPITALITY, INC; VIREN PATEL; AND MITESH BHULA,<br><br>Defendants. | Civil Action File No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Scott Hendricks ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendants Ethan Hospitality, LLC, Red Rock Hospitality, Inc., Viren Patel, and Mitesh Bhula (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. In this collective action, Named Plaintiff alleges that Defendants willfully violated the FLSA by failing to pay Named Plaintiff and other similarly

situated hourly employees for all hours worked over 40 per workweek at 1.5 times their regular hourly rates.

3. The proposed class that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all employees whom Defendants classified as non-exempt, hourly employees and who were not paid 1.5 times their regular rate of pay for all hours worked over 40 per workweek at Defendants' hotels in Augusta, Georgia, at any time within three years preceding the filing of this Complaint (Named Plaintiff and all persons who consent to join this action are referred to collectively as "Plaintiffs").

## PARTIES

4. Defendant Ethan Hospitality, LLC ("Ethan Hospitality") is a Georgia limited liability company with its principal office address located at 147 Puttenham Crossing, Pooler, Georgia 31322.

5. Ethan Hospitality may be served with process through its registered agent, Mitesh Bhula, 147 Puttenham Crossing, Pooler, Georgia 31322.

6. Defendant Red Rock Hospitality, Inc. ("Red Rock Hospitality") is a Pennsylvania corporation with its principal office address located at 147 Puttenham Crossing, Pooler, Georgia 31322.

7. Red Rock Hospitality may be served with process though its registered

agent, Mitesh Bhula, 147 Puttenham Crossing, Pooler, Georgia 31322.

8. Defendant Mitesh Bhula is the President of Ethan Hospitality and the CEO of Red Rock Hospitality.

9. Defendant Mitesh Bhula may be served with process wherever he may be found.

10. Defendant Viren Patel is the CFO of Red Rock Hospitality.

11. Defendant Viren Patel may be served with process wherever he may be found.

12. Named Plaintiff worked for Defendants as an hourly employee within three years preceding the filing of this Complaint.

13. Named Plaintiff consents in writing to join this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

14. Other hourly employees, who are similarly situated to Named Plaintiff, are interested in joining this collective action.

15. For example, Leah Macs, Sandra Kotlan, Domynique Hendricks, Elizabeth McGahen, Frederick Paterson, and Talazia Dixon have consented to join this collective action as plaintiffs. *See* Exhibits 2-7.

## JURISDICTION AND VENUE

16. Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs'

claims because the claims raise questions of federal law.

17. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division and a substantial part of the events or omissions giving rise to the claims occurred in this division.

18. Ethan Hospitality is subject to personal jurisdiction is this Court because it is a Georgia limited liability company with its principal office address located in Georgia and conducts substantial business in Georgia.

19. Red Rock Hospitality is subject to personal jurisdiction in this Court because its principal office address is in Georgia, it is authorized to conduct business in Georgia, and does conduct substantial business in Georgia.

20. Defendants Mitesh Bhula and Viren Patel are subject to personal jurisdiction in this Court because they are residents and citizens of Georgia.

**RED ROCK HOSPITALITY AND ETHAN HOSPITALITY ARE COVERED BY THE FLSA**

21. Red Rock Hospitality and Ethan Hospitality are both enterprises engaged in commerce or the production of goods for commerce.

22. Red Rock Hospitality operates the "Sleep In" Choice Hotel in Augusta Georgia.

23. Ethan Hospitality operates the "Suburban Lodge" Choice Hotel in Augusta, Georgia.

- 5 -

24. Red Rock employs two or more individuals who engage in commerce, the production of goods for commerce or who handle, sell, or work with goods or materials that have moved in or were produced for commerce.

25. Ethan Hospitality employs two or more individuals who engage in commerce, the production of goods for commerce, or who handle, sell, or work with goods or materials that have moved in or were produced for commerce.

26. Red Rock Hospitality employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

27. Ethan Hospitality employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

28. Red Rock Hospitality employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

29. Ethan Hospitality employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

30. Red Rock Hospitality's employees handle and use materials that have traveled through interstate commerce, such as cleaning supplies, computers, telephones, fax machines, linins, sheets, paper products, and food and beverage

products, while performing their job duties.

31. Ethan Hospitality's employees handle and use materials that have traveled through interstate commerce, such as cleaning supplies, computers, telephones, fax machines, linins, sheets, paper products, and food and beverage products, while performing their job duties.

32. Red Rock Hospitality employs two or more individuals who process credit card transactions while performing their job duties.

33. Ethan hospitality employs two or more individuals who process credit card transactions while performing their job duties.

34. Red Rock Hospitality's gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.

35. Ethan Hospitality's gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.

36. Red Rock Hospitality and Ethan Hospitality are a joint enterprise under the FLSA.

37. Red Rock Hospitality and Ethan Hospitality engage in the related activities of operating hotels for the common business purpose of providing rooms for guests and making a profit.

38. Red Rock Hospitality and Ethan Hospitality are engaged in a unified

operation under common control.

39. For example, Plaintiffs frequently work for Red Rock Hospitality and Ethan Hospitality during the same work week and receive wages from both Ethan Hospitality and Red Rock Hospitality.

40. Ethan Hospitality and Red Rock Hospitality are under the common control of Defendant Mitesh Bhula who serves as the President of Ethan Hospitality and the CEO of Red Rock Hospitality.

41. Red Rock Hospitality and Ethan Hospitality operate out of the same principal office address: 147 Puttenham Crossing, Pooler, Georgia 31322.

## DEFENDANTS EMPLOYED THE PLAINTIFFS

42. Ethan Hospitality and Red Rock Hospitality employed Plaintiffs within the meaning of the FLSA.

43. Ethan Hospitality and Red Rock Hospitality have the authority to hire and fire the Plaintiffs.

44. Ethan Hospitality and Red Rock Hospitality determined the employment policies applicable to Plaintiffs.

45. Ethan Hospitality and Red Rock Hospitality have the authority to modify the employment policies applicable to Plaintiffs.

46. Ethan Hospitality and Red Rock Hospitality determine how much, and

in what manner, Plaintiffs are compensated.

47. Ethan Hospitality and Red Rock Hospitality maintain the employment records, such as time and pay records, for Plaintiffs.

48. Mitesh Bhula and Viren Patel also employed the Plaintiffs.

49. Bhula and Patel have the authority to hire and fire Plaintiffs.

50. Bhula and Patel establish the employment policies applicable to Plaintiffs.

51. Bhula and Patel have the authority to modify the employment practices applicable to Plaintiffs.

52. Bhula and Patel determine how much, and in what manner, Plaintiffs are compensated.

**DEFENDANTS' COMPANY-WIDE PAY PRACTICES**

53. Plaintiffs worked for Defendants as hourly employees at the hotels owned and operated by Defendants.

54. For example, Named Plaintiff Hendricks worked for Defendants as an hourly Maintenance Supervisor at the "Sleep In" Choice Hotel and the "Suburban Lodge" Choice Hotel located in Augusta, Georgia.

55. Plaintiff Leah Macs worked for Defendants as an hourly Housekeeper, Front Desk Associate and Assistant General Manager at the "Sleep In" Choice Hotel

- 9 -

and the "Suburban Lodge" Choice Hotel located in Augusta, Georgia.

56. Defendants classify Plaintiffs as non-exempt from the overtime requirements of the FLSA.

57. Defendants pay Plaintiffs an hourly wage for the hours Plaintiffs work.

58. Defendants require Plaintiffs to record the hours they work in Defendants' timekeeping system.

59. Plaintiffs regularly work and record more than 40 hours per workweek.

60. However, Defendants do not pay Plaintiffs 1.5 times Plaintiffs' regular hourly rates for all hours worked over 40 per workweek.

61. Instead, Defendants frequently refuse to pay Plaintiffs any wages for hours worked over 40 per workweek.

62. When Defendants choose to pay Plaintiffs for hours worked over 40 per workweek, Defendants do not pay Plaintiffs 1.5 times their regular hourly rates, and instead pay Plaintiffs their regular, straight-time hourly rates for hours worked over 40 per workweek.

63. Defendants frequently pay Plaintiffs from both the "Sleep In" Choice Hotel and the "Suburban Lodge" Choice Hotel to avoid paying Plaintiffs overtime wages.

64. For example, when Plaintiffs work more than 40 hours per week at the

"Sleep In" Choice Hotel, Defendants pay Plaintiffs their regular hourly rate for hours up to 40 from the "Sleep In" Choice Hotel and pay Plaintiffs their regular hourly rate for hours worked over 40 from the "Suburban Lodge" Choice Hotel.

65. Similarly, when Plaintiffs work more than 40 hours per week at the "Suburban Lodge" Choice Hotel, Defendants pay Plaintiffs their regular hourly rate for hours up to 40 from the "Suburban Lodge" Choice Hotel and pay Plaintiffs their regular hourly rate for hours worked over 40 from the "Sleep In" Choice Hotel.

66. Defendants know Plaintiffs work more than 40 hours per week because Plaintiffs record their hours in Defendants' timekeeping system.

67. Defendants apportion Plaintiffs' hours between the "Suburban Lodge" Choice Hotel and the "Sleep In" Choice Hotel in a deliberate attempt to avoid the overtime premium required under the FLSA, 29 U.S.C. § 207(a)(2)(C).

68. By failing to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek, Defendants willfully violated the FLSA.

69. Defendants' unlawful compensation policies apply to all employees classified as non-exempt hourly employees at the "Sleep In" Choice Hotel and the "Suburban Lodge" Choice Hotel.

70. Defendants Patel and Bhula enforce Defendants' unlawful compensation policies at the "Sleep In" Choice Hotel and the "Suburban Lodge"

Choice Hotel.

## COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES

71. Plaintiffs frequently work more than 40 hours per workweek.

72. Defendants know Plaintiffs work more than 40 hours per workweek.

73. Despite knowing Plaintiffs work more than 40 hours per week, Defendants do not pay Plaintiffs 1.5 times their regular hourly rates for all hours worked over 40 per workweek in violation of the FLSA.

74. Defendants intentionally fail to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

75. Defendants are obligated to ensure that their employees are paid in compliance with the FLSA.

76. Defendants failed to take reasonable steps to ensure that their employees are paid in compliance with the FLSA.

77. Because Defendants willfully violated the FLSA by failing to pay Plaintiffs overtime wages, Defendants owe Plaintiffs all unpaid wages, and equal amount in liquidate damages, and attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully request that the Court:

I. Conditionally certify this case as a collective action under 29 U.S.C.

§ 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II. Declare that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III. Declare that Defendants' violation of the FLSA is willful;

IV. Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V. Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI. Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

VII. Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of himself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: January 27, 2021.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.** | */s/ Andrew Y. Coffman* |
| 75 Fourteenth Street, 26th Floor | Andrew Y. Coffman |
| Atlanta, Georgia 30309 | Georgia Bar No. 173115 |
| 404-873-8000 | |
| acoffman@pcwlawfirm.com | |

*Counsel for Plaintiffs*